UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DOROTHY K. MILLER, | ) | Case No. EDCV 05-0086-JTL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

On February 8, 2005, Dorothy Miller ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of plaintiff's application for social security disability and supplemental security income benefits. On March 7, 2005, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on September 1, 2005, defendant filed an Answer to Complaint. On November 21, 2005, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

**BACKGROUND**

On April 6, 1999, plaintiff filed an application for supplemental security income benefits. (Administrative Record ["AR"] at 79-81). In her application, plaintiff claimed that, beginning on March 16, 1999, her diabetes and high blood pressure prevented her from working. (AR at 90). The Commissioner denied plaintiff's application for benefits both initially and upon reconsideration. (AR at 55-60, 63-67). On or about December 21, 1999, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 68).

On May 19, 2000, the ALJ conducted a hearing in San Bernardino, California. (AR at 29-54). Plaintiff appeared at the hearing with counsel and testified. (AR at 32-45). Sandra Fioretti, a vocational expert, also testified. (AR at 45-52).

On June 15, 2000, the ALJ issued his decision denying benefits. (AR at 12-18). In his decision, the ALJ found that plaintiff suffers from "questionably severe impairments" of diabetes mellitus and hypertension. (AR at 14). According to the ALJ, however, these impairments did not meet or equal any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (Id.). The ALJ also found that plaintiff retained the residual functional capacity to perform medium work. (AR at 18). Such jobs include work as a packager, supply worker, assembler, janitor, custodian, cleaner, hotel/motel maid, or park worker. (AR at 17). Ultimately, the ALJ found that plaintiff was not disabled pursuant to the Social Security Act. (Id.).

///

///

1    Thereafter, plaintiff filed a timely request with the Appeals
2 Council for review of the ALJ's decision. (AR at 8). On February 28,
3 2002, the Appeals Council affirmed the ALJ's decision. (AR at 3-4).
4 The matter was appealed to the District Court and on July 23, 2003,
5 this Court remanded the case for further proceedings to allow for
6 proper consideration of plaintiff's mental impairment, further
7 development of the record as to plaintiff's mental impairment, and
8 completion of the sequential evaluation incorporating plaintiff's
9 mental limitations, commencing at step three. (AR at 316-35).
10    On October 22, 2004, the ALJ conducted a second hearing in San
11 Bernardino, California. (AR at 280-97). Plaintiff appeared with
12 counsel and testified. (AR at 283-94). Joseph Mooney, a vocational
13 expert, also testified. (AR at 294-97).
14    On November 15, 2004, the ALJ issued his decision on remand
15 denying benefits. (AR at 271-76). In his decision, the ALJ adopted
16 the findings and conclusions regarding the severity of plaintiff's
17 impairments from the prior decision. (AR at 273). According to the
18 ALJ, however, these impairments did not meet or equal any of the
19 criteria contained in the Commissioner's Listing of Impairments, 20
20 C.F.R. Section 404, Subpart P, Appendix 1. (AR at 275). The ALJ also
21 found that plaintiff retained the residual functional capacity to
22 perform medium work, namely her past work involving child care.
23 (Id.). Ultimately, the ALJ found that plaintiff was not disabled
24 pursuant to the Social Security Act. (Id.).
25    Thereafter, plaintiff filed a timely request with the Appeals
26 Council for review of the ALJ's decision. (Joint Stipulation at 2).
27 The Appeals Council, however, declined to review the case. (Id.).
28 ///

**PLAINTIFF'S CONTENTIONS**

Plaintiff makes the following claims in the parties' Joint Stipulation:

1. The ALJ failed to appropriately consider the findings of the State Agency physician.

2. The ALJ failed to make proper credibility findings.

3. The ALJ failed to appropriately consider the statements of plaintiff's son.

**STANDARD OF REVIEW**

The Court reviews the ALJ's decision under 42 U.S.C. § 405(g) to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the ALJ's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

///
///
///

**DISCUSSION**

**A.     The ALJ's Rejection of the State Agency Physician's Opinion**

Plaintiff contends that the ALJ's failure to explain the weight given to the opinion of Donald Williams, M.D., a State Agency physician, constitutes error. In his assessment, Dr. Williams found that plaintiff had moderate restrictions involving activities of daily living and moderate difficulties in maintaining social functioning and in maintaining concentration, persistence, and pace. (AR at 437). The ALJ, however, did not note or explain what weight he gave to Dr. William's assessment in his decision and found that plaintiff could return to her past work. (AR at 275).

Plaintiff argues that the ALJ erred in making the finding that plaintiff could work because he ignored the opinion of Dr. Williams. Specifically, plaintiff contends that the ALJ violated Social Security Ruling 96-6p.[1]  Social Security Ruling 96-6p requires an ALJ to articulate or explain the weight he gives to the reports of an examining or non-examining physician. Social Security Ruling 96-6p; 20 C.F.R. § 404.1527(f)(2)(ii) ("Unless the treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician or

---

[1] Social Security Rulings "represent precedent final opinions and orders and statements of policy and interpretations that we have adopted." 20 C.F.R. § 402.35(b)(1). Social Security Rulings are "binding on all components of the Social Security Administration." Heckler v. Edwards, 465 U.S. 870, 873 n. 3 (1984) (internal quotation marks and citation omitted); cf. Silveira v. Apfel, 204 F.3d 1257, 1260 (9th Cir. 2000) ("This court defer[s] to Social Security Rulings ... unless they are plainly erroneous or inconsistent with the Act or regulations") (internal quotation marks and citation omitted; alteration and ellipses in original).

5

psychologist, as the administrative law judge must do for any opinions from treating sources, nontreating sources, and other nonexamining sources who do not work for us.").

Defendant concedes that the ALJ failed to explain Dr. Williams' assessment, but argues that such omission constitutes harmless error for two reasons.  First, defendant notes that Dr. Williams made his report in connection with a subsequent application for benefits filed on April 4, 2001, while the instant application filed on April 6, 1999 was being appealed to this Court.  The ALJ, however, consolidated the April 6, 1999 and April 4, 2001 claims and issued a decision based on the consolidated claims.  (AR at 272).  Thus, the ALJ was still required to address Dr. Williams' assessment pursuant to Social Security Ruling 96-6p because the April 4, 2001 claim became part of the instant claim.  Second, defendant contends that the failure to mention Dr. Williams' assessment was harmless because the ALJ noted and adopted the opinion of Linda Smith, M.D., a consultative examiner, who opined that plaintiff could work. (Joint Stipulation 5).  The Court, however, is not persuaded by this argument because it assumes without any basis that the ALJ considered and rejected Dr. Williams' assessment.

Therefore, the Court finds that plaintiff's claim has merit.  In his decision, the ALJ omitted any reference to Dr. Williams and failed to explain the weight he accorded the physician's opinion.  As such, the ALJ failed to discharge his duties under Social Security Ruling 96-6p.

///

///

///

**B. Remand Is Required to Remedy the Defects in the ALJ's Decision and to Supplement the Record**

Remand for further proceedings is appropriate where additional proceedings could remedy defects in the Commissioner's decision. Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). Remand for payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, see Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, see Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, see Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

The Ninth Circuit has held that where there are no outstanding issues that must be resolved before a proper disability determination can be made, and where it is clear from the administrative record that the ALJ would be required to award benefits if the claimant's testimony were credited, the Court will not remand solely to allow the ALJ to make specific findings regarding that testimony. See Varney v. Secretary of Health & Human Servs., 859 F.2d 1396, 1402 (9th Cir. 1988).

Here, the ALJ failed to articulate the weight that he had given to the opinion of Dr. Williams. Accordingly, the Court concludes that further administrative proceedings may remedy the defects in the decision.[2]

///
///
///

---

[2] To the extent the plaintiff raised additional arguments, the ALJ should review these claims on remand.

7

**ORDER**

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS this action for further administrative proceedings consistent with this Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

DATED: March 29, 2006

/s/
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE